

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One St. Andrews Plaza*
*New York, New York 10007*

March 3, 2017

**By CM/ECF**

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    **United States v. Nokogna Meite & Zoumana Meite**,
             **16 Cr. 126 (KBF)**

Dear Judge Forrest:

      The Government respectfully submits this letter in connection with the sentencings of defendants Nokogna Meite and Zoumana Meite, which are scheduled for Friday, March 10, 2017, at 1:00 p.m. As stipulated in the defendants' respective plea agreements and calculated by the Probation Department, the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") sentencing range applicable to each defendant is 18 to 24 months' imprisonment. For the reasons set forth below, the Government respectfully submits that sentences within that range would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

    **I.**    **Offense Conduct**

      As detailed in the Probation Department's Presentence Investigation Reports for Nokogna Meite ("NM PSR") and Zoumana Meite ("ZM PSR" and, collectively, the "PSRs"), the defendants filed fraudulent corporate tax returns for two entities they controlled for tax years 2008, 2009, and 2010.[1] The entities declared false and fictitious fuel use and tax credits, and sought fraudulent refunds. (PSRs ¶¶ 10-25.) Specifically, the entities falsely reported purchasing 1,854,920 gallons of diesel fuel for off-highway business use, claimed $440,504 in federal fuel tax credits, and claimed $312,753 in tax refunds. (PSRs ¶¶ 15.) Nokogna Meite signed the fraudulent returns submitted on behalf of one of the entities, while Zoumana Meite signed the fraudulent returns

---

[1] The PSRs incorrectly state that the defendants also filed false tax returns "[f]or tax year[] . . . 2011." (PSRs ¶¶ 15.) The 2010 tax returns for the relevant entities were filed in early 2011 (*see* Complaint ¶¶ 2-3, 9(b); Indictment ¶¶ 2-3), but no returns for those entities were filed for tax year 2011.

submitted on behalf of the other entity. (PSRs ¶¶ 17, 19.) As a result of the corporate returns' false claims, the IRS issued total refunds to the entities of $254,066.98. (PSRs ¶¶ 20.)

## II.     Procedural History and Guidelines Calculation

On October 21, 2016, Nokogna Meite and Zoumana Meite pleaded guilty to Counts Two and Three of the Indictment, respectively, which charged them with filing false claims upon and against the IRS for tax year 2010, in violation of 18 U.S.C. §§ 287 and 2. (NM PSR ¶¶ 3, 5; ZM PSR ¶¶ 4-5.)

The defendants pleaded guilty pursuant to plea agreements in which the parties stipulated that the Guidelines offense level applicable to each defendant is 15, based on a base offense level of 6; a 12-level enhancement because the $254,066.98 loss resulting from the offense and related conduct exceeded $250,000 but did not exceed $550,000; and a 3-level reduction for each defendant's acceptance of responsibility. Given the defendants' lack of any criminal history, this resulted in a stipulated Guidelines range of 18 to 24 months' imprisonment for each defendant. Pursuant to their plea agreements, the defendants are jointly and severally liable for restitution to the IRS of $254,066.98. (PSRs ¶¶ 6(a)-(c).)

The plea agreements also required the defendants to file, at least two weeks prior to sentencing, accurate amended tax returns for the respective entities they controlled for tax years 2008 through 2010. (NM PSR ¶ 6(c)(vi); ZM PSR ¶ 6(c)(vi).) Both defendants have complied with those requirements.

## III.    Sentences Within the Stipulated Guidelines Range Would Be Appropriate

Sentences within the stipulated Guidelines range of 18 to 24 months' imprisonment are warranted here based on the sentencing factors the Court must consider under 18 U.S.C. § 3553(a).

First, substantial sentences—such as those contemplated by the Guidelines range—are necessary to reflect the seriousness of the defendants' offenses, to promote respect for the law, and to provide just punishment. The seriousness of the defendants' conduct requires little elaboration. The defendants incorporated shell companies, opened bank accounts, and submitted false corporate tax returns in furtherance of a scheme to defraud the United States. These were not fleeting lapses of judgment. Each defendant filed multiple false returns over a period of years, with each new filing claiming tens of thousands of dollars in undeserved refunds. The fraud deceived the IRS into paying the defendants $254,066.98 in refunds to which they were not entitled. This and other tax fraud schemes undermine the trust that is essential to the proper functioning of internal revenue laws. Through their criminal conduct, the defendants forced their fellow citizens and neighbors to carry an extra burden to support the daily work of our government.

Second, the need to promote adequate deterrence of criminal conduct by others weighs in favor of sentences that fall within the Guidelines range of 18 to 24 months' imprisonment. As the Second Circuit has recognized, "general deterrence occupies an especially important role in criminal tax offenses, as criminal tax prosecutions are relatively rare." *United States* v. *Park*, 758 F.3d 193, 201 (2d Cir. 2014). Absent such deterrence, other taxpayers may cynically conclude that

the potential rewards from committing tax frauds outweigh the risks of being caught and punished for breaking the law.

### IV. Conclusion

For the reasons set forth above, the Government respectfully submits that sentences within the Guidelines range of 18 to 24 months would be appropriate in this case and would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: ___/s/_____
David Abramowicz
Assistant United States Attorney
Southern District of New York
(212) 637-6525

cc: Sylvie Levine, Esq. (by CM/ECF)
Harry Rimm, Esq. (by CM/ECF)